**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHAN CAGLE, | No. CIV S-06-0575-FCD-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| VEAL, | |
|     Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 16).

Petitioner states that the petition concerns conditions of confinement and a prison disciplinary finding.  He does <u>not</u> challenge either the underlying conviction or sentence.  For relief, petitioner seeks the following:

    1.    Reversal of the guilty finding rendered at the prison disciplinary hearing;

    2.    Restoration of lost good-time credits;

    3.    Expungement of all references in his prison file to the disciplinary action;

    4.    $4.5 million in compensatory damages for alleged hearing loss;

        5.      Reclassification as "other" rather than "white"; and

        6.      Return of property.

In his motion to dismiss, respondent argues that, except for petitioner's claim regarding the prison disciplinary finding, none of plaintiff's claims are cognizable in a habeas petition because they relate to the conditions of confinement and not the fact or duration of confinement. Respondent argues that, as such, these claims are properly the subject of a civil rights action under 42 U.S.C. § 1983. As to petitioner's claim regarding the prison disciplinary finding and resulting loss of good-time credits, which respondent concedes is cognizable in a habeas petition, respondent argues that the claim should be dismissed for failure to exhaust state court remedies. Petitioner has not filed an opposition to respondent's motion to dismiss.

        Turning first to petitioner's claim concerning the prison disciplinary action, the court agrees with respondent that the claim is not exhausted. Specifically, there is no indication in the petition that petitioner presented the claim to the state court prior to raising it in the instant petition. The exhaustion of available state remedies is a jurisdictional prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). Because petition has failed to do so, his claim regarding the prison disciplinary process must be dismissed, without prejudice.

        As to petitioner's remaining claims, the court also agrees with respondent that they are not cognizable in a federal habeas petition because they challenge the conditions of his confinement. State prisoners may not challenge the conditions of their confinement or seek money damages by way of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 498-500 (1973). Therefore, all of petitioner's other claims should be dismissed without prejudice to raising them in a civil rights action.

Based on the foregoing, the undersigned recommends that:

    1.    Respondent's motion to dismiss (Doc. 16) be granted; and

    2.    Petitioner's petition for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 24, 2007.

                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE